DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ARNOLD STEVEN LAMAR,**
Appellee.

Nos. 4D17-3916
and 4D18-48

**STATE OF FLORIDA,**
Appellant,

v.

**WILLIE J. ANDERSON,**
Appellee.

Nos. 4D18-32,
4D18-47 and 4D18-336

[October 20, 2018]

Consolidated appeals of non-final orders from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case Nos. 50-2016-CF-012788AWB, 50-2016-CF-012779AWB, 50-2016-CF-012788BWB, 50-2016-CF-012779BWB and 50-2017-CF-002180AWB.

Pamela Jo Bondi, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellee, Arnold Steven Lamar.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellee, Willie J. Anderson.

PER CURIAM.

It is sua sponte ordered that consolidated case numbers 4D17-3916 and 4D18-48 shall be consolidated with consolidated case numbers 4D18-32, 4D18-47 and 4D18-336 for all purposes and are affirmed.

GROSS and KLINGENSMITH, JJ., concur.
FORST, J., dissents with opinion.

FORST, J., dissenting.

A Palm Beach County Sheriff's Deputy on patrol in the City of Belle Glade encountered the two defendants at 3:00 a.m. The defendants were carrying a white plastic bag. The defendants were detained and ultimately arrested after law enforcement determined that the bag contained stolen items. The defendants were charged with burglary and theft. They filed motions to suppress. The trial court granted the motions, finding that, "[w]hile the initial contact may have been consensual, once the officer started questioning the Defendants about the bag and contents and requested to look inside the bag this became an investigatory stop which required reasonable suspicion that a person has committed, is committing, or is about to commit a crime."

The trial court's finding that the officer "requested to look inside the bag" is contrary to the uncontradicted testimony of the officer that "I asked [the defendants], I just basically said like, hey, where did you guys—you know, where did you get this bag, or what's inside. And one of the males opened up the bag and showed me what was inside." This is not "a request to look inside the bag." Up to the point that the officer semi-detained[1] the defendants for forty-five minutes, this was a consensual encounter. Once the officer viewed the contents of the bag (new watches wrapped in plastic, a woman's purse, mail addressed to individuals other than the defendants), and in light of the totality of the circumstances (including time and place of the encounter and the fact a hurricane watch was in effect), he had the requisite reasonable suspicion that the defendants had committed a crime. *See State v. Bullock*, 164 So. 3d 701, 704-05 (Fla. 5th DCA 2015) ("Reasonable suspicion can develop as a result of direct observations by law enforcement . . . ."). Accordingly, I would reverse the

---

[1] The defendants were never told that they were not free to leave, and they indeed did leave, although law enforcement retained the bag's contents and later arrested the defendants after it was determined that several nearby locations had been burglarized.

trial court orders granting the motions to suppress and, thus, I respectfully dissent from the panel's affirmance of the trial court orders.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***